UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MALMQUIST,<br><br>    Plaintiff,<br><br>v.<br><br>SHEM MALMQUIST, et al.,<br><br>    Defendants. | Case No. 17-cv-04831-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 48 |

This action arises out of "a bitter and nasty" divorce between plaintiff Danielle Malmquist, who is proceeding pro se, and her ex-husband, defendant Shem Malmquist. Dkt. No. 1 at 5. Because the parties share the same last name, the Court uses their given names for clarity. The complaint alleges that Shem and his wife Meredith sponsored online posts saying that Danielle had mental health issues and a criminal record. Danielle has sued for defamation and intentional interference with prospective economic advantage under California state law.

Shem and Meredith, who are the only defendants who have been served with the complaint, contend that the Court lacks personal jurisdiction over them. They have moved to dismiss the case on that basis under Federal Rule of Civil Procedure 12(b)(2). Dkt. No. 48.

The facts pertinent to the jurisdictional question are straightforward. The complaint alleges that Danielle lives in California, and that Shem and Meredith are residents of Florida. Dkt. No. 1 ¶ 4. The complaint does not show that Shem and Meredith did anything in California or this judicial district that was material to Danielle's claims. To carry her burden of establishing personal jurisdiction, *see Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008), Danielle contends in her brief that Shem and Meredith have occasionally visited their children in

California, and that Shem sometimes had a layover in the state while working as a pilot for Federal Express. Dkt. No. 52 at 10-11.

Even construed generously in light of Danielle's pro se status, nothing in the complaint or the record as a whole establishes personal jurisdiction over Shem and Meredith in this Court. Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which it sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Constitution's due process clause, so the dispositive test is whether personal jurisdiction in this Court comports with traditional concepts of fair play and due process. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800-01 (9th Cir. 2004).

Because Shem and Meredith live outside the state, and are not alleged to have any continuous and systematic contacts with it, general personal jurisdiction has not been shown. *See Bristol-Myers Squibb Co. v. Superior Court of California, S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017); *Schwarzenegger*, 374 F.3d at 801.

Specific personal jurisdiction is also lacking. Specific jurisdiction focuses on the defendant's contacts with the forum state for the claims at issue. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). This is "case-linked" jurisdiction, and it looks to whether the defendant undertook an activity or occurrence in the forum state "and is therefore subject to the State's regulation." *Id.* at 283 n.6 (internal quotation omitted). It is the defendant's "suit-related conduct" that "must create a substantial connection with the forum State." *Id.* at 284. The suit must arise out of or relate to the defendant's contacts "with the *forum*" for specific personal jurisdiction to arise. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (internal quotation omitted) (emphasis in original). Without that connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781.

That is the case here. Danielle has not proffered any facts showing that her defamation or interference claims arose out of anything Shem and Meredith did in this forum. The periodic family and business trips are entirely unrelated to the claims in the complaint, and merely posting materials online, which the Court will assume happened for present purposes, is not enough to

2

create personal jurisdiction in this district. *See Erickson v. Nebraska Mach. Co.*, No. 15-CV-01147-JD, 2015 WL 4089849 at *4 (N.D. Cal. July 6, 2015). So too for the uncontested facts about a California state family law case in Los Angeles involving Shem and a different spouse, which appears to date back to 2002 and does not change the fact that Shem moved out of California in 2004. *See* Dkt. 53-1.

The remaining question is whether Danielle should be allowed to amend the complaint with respect to personal jurisdiction. While the Court is not sanguine about the likelihood of success in light of the undisputed facts adduced so far, it cannot say that amendment is necessarily futile. If Danielle would like to amend to add facts showing personal jurisdiction along the lines discussed in this order, she must file an amended complaint by **October 2, 2019**. No new claims or parties may be added. If an amended complaint is not filed by this deadline, the case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 4, 2019

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MALMQUIST,<br><br>    Plaintiff,<br><br>    v.<br><br>SHEM MALMQUIST, et al.,<br><br>    Defendants. | Case No. 17-cv-04831-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danielle Malmquist
P.O. Box 4664
San Mateo, CA 94404


Dated: September 4, 2019

                                        Susan Y. Soong
                                        Clerk, United States District Court


                                        By: /s/ Lisa R. Clark
                                        LISA R. CLARK, Deputy Clerk to the
                                        Honorable JAMES DONATO